UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD L. WALTON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-00157-TWP-TAB |
| ) | |
| DR. MICHAEL PERSON, ) | |
| C.M.S. MEDICAL SERVICES agent of ) | |
| CORIZON, LLC, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Plaintiff's Pending Motions**

The plaintiff's motion for subpoena [dkt. 29] is **denied** to the extent it requests that the Court obtain documents**. The defendants shall treat** the plaintiff's motion filed on October 19, 2016, docket 29, as a **request for production of documents** under Rule 34 of the *Federal Rules of Civil Procedure* and shall respond to the plaintiff accordingly. The plaintiff shall send any additional requests for documents or interrogatories (written questions) to counsel for the defendants.

The plaintiff's renewed motion for the appointment of counsel, filed on October 19, 2016, has been considered. Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). If this Court had enough lawyers willing and qualified to accept a pro bono assignment, it would assign a pro bono attorney in almost every pro se case. But there are not nearly enough attorneys to do this. As a result, this Court has no choice but to limit appointment of counsel to those cases in which it is clear under the applicable legal test that the plaintiff must have the assistance of a lawyer. "When confronted with a request . . . for pro bono counsel, the district court is to make

the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319 (7th Cir.), *cert. denied*, 114 S. Ct. 438 (1993). Although the plaintiff has contacted additional attorneys on his own, he should continue those efforts.

The Court proceeds to the second inquiry required in these circumstances. The Court's task in this second inquiry is to analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655. In this case, the plaintiff's filings have been comprehensible, he has shown the ability to file motions requesting the relief that he seeks, and he is familiar with the factual circumstances surrounding his claims. To date, the plaintiff has shown that he is competent to litigate this action on his own. For now, the plaintiff's motion for appointment of counsel [dkt. 30] is **denied.**

The Court will, however, be alert to the possibility of recruiting representation for the plaintiff at trial or at other points in the case where the plaintiff's incarceration and pro se status would make it particularly difficult for him to proceed without representation.

IT IS SO ORDERED.

Date: 10/21/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

DONALD L. WALTON, JR., 104842
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Rd.
P. O. Box A
New Castle, IN  47362